UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| *In re* BLACK DIAMOND MINING COMPANY, LLC, et al. | ) ) ) ) Civil No. 13-145-ART |
| TAFT A. MCKINSTRY, *Trustee of the BD Unsecured Creditors Trust*, | ) ) ) **MEMORANDUM OPINION AND ORDER** |
| Petitioner, | ) ) |
| v. | ) ) |
| IRA J. GENSER, et al., | ) ) |
| Respondents. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

In this case, which the Court previously referred to the Bankruptcy Court, the petitioner has moved to withdraw the reference for the limited purpose of deciding a forthcoming motion for sanctions due to spoliation of evidence. R. 1. Because withdrawing the reference for this reason would promote judicial economy and conserve the parties' resources, the Court will grant the petitioner's motion.

**BACKGROUND**

A comprehensive account of this case's tortured history appears in *Sergent v. McKinstry*, 472 B.R. 387, 390–95 (E.D. Ky. 2012). To cut a long story short, the Court initially referred this case to the Bankruptcy Court, *id.* at 394, and later determined that cause existed to withdraw the reference in its entirety, *id.* at 420. However, the Court declined to withdraw the reference immediately, citing the existence of "unfinished pretrial matters with which the Bankruptcy Court has greater familiarity." *Id.* The Court specified that the

Bankruptcy Court should continue to handle all pretrial matters, including "determining and managing the scope of any remaining discovery by the parties," and reserved for itself the ability to set the trial schedule and decide motions in limine. *Id.* at 421.

The petitioner now asks the Court to withdraw the reference for the sole purpose of considering one motion: a motion for sanctions due to spoliation of evidence. R. 1 at 1. The petitioner alleges that the respondents purposefully and willfully destroyed documents relevant to the litigation between the parties. *Id.* at 2. As relief, the petitioner seeks: (1) a non-rebuttable jury instruction that all of the destroyed documents contained evidence that would have harmed the respondents and benefitted the petitioner; (2) an order directing respondent Alvarez & Marsal North America, LLC to disclose when it learned that respondents Ira Genser and Larry Tate had violated the applicable document retention policy; (3) an order striking certain of the respondents' affirmative defenses; (4) dismissal of the respondents' counterclaim; and (5) fees and costs. *Id.* at 2–3. Because some of these remedies relate to trial—and trial-related matters are within the province of this Court—the petitioner believes withdrawal is appropriate. *Id.* at 3.

While the respondents concede that most of these issues belong before this Court, they say that withdrawal at this time would be premature. R. 2 at 1 (indicating partial consent and partial opposition to the petitioner's motion to withdraw). Instead, they suggest that the Court leave the spoliation motion with the Bankruptcy Court, withdrawing the reference only if the Bankruptcy Court finds that the respondents acted in bad faith. *Id.* at 3.

## DISCUSSION

A district court may withdraw, "in whole or in part," any case referred to a bankruptcy court "for cause shown." 28 U.S.C. § 157(d). The statute grants the Court

discretion to decide whether to withdraw a reference. *E.g.*, *In re John Richards Homes Bldg. Co.*, 320 B.R. 138, 138 (E.D. Mich. 2004). When making this decision, the Court considers such factors as: (1) whether the right to a jury trial exists; (2) whether the matter is core or non-core; (3) promoting judicial economy; (4) promoting uniformity in bankruptcy administration; (5) reducing forum shopping and confusion; (6) conserving the creditor's and debtor's resources; and (7) expediting the bankruptcy process. *See Sergent*, 472 B.R. at 404–05 (collecting cases). In this case, withdrawing the reference to consider the petitioner's spoliation motion would serve judicial economy and conserve the parties' resources. Because the remaining factors are either neutral or weigh in favor of withdrawing the reference, the Court will grant the petitioner's motion.

**Judicial Economy:** Withdrawing the reference in this instance would promote judicial economy, since the Bankruptcy Court cannot consider the petitioner's entire spoliation motion under the terms of this Court's referral. Assume the Bankruptcy Court found in favor of the petitioner. That court could then offer the petitioner only a portion of the requested relief. It could not, for example, issue the proposed jury instruction: such authority belongs exclusively to this Court. *See Sergent*, 472 B.R. at 421 (reserving trial-related matters for this Court). Therefore, the Bankruptcy Court would be forced to pass the motion on to this Court for final resolution. Alternatively, imagine that the Bankruptcy Court denied the petitioner's motion or declined to grant her the full complement of remedies. If this occurred, the petitioner—as she has all but promised—would likely seek a reversal of the decision in this Court. R. 1 at 9. In short, some aspect of the petitioner's spoliation motion will likely land in this Court, whether or not it withdraws the reference.

Moreover, the spoliation motion concerns matters equally within the wheelhouse of

both courts, and deciding this motion does not require extensive recourse to the Bankruptcy Court's record. District courts regularly hear spoliation motions. *See, e.g.*, *Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009) (holding that it is "within a district court's inherent power to exercise broad discretion in imposing sanctions based on spoliated evidence"). And, despite the respondents' claims to the contrary, R. 2 at 6–7, the Bankruptcy Court has not already devoted substantial time to this question. The Bankruptcy Court record reveals no previous mention of the particular issues implicated by the spoliation motion. And a review of the spoliation motion suggests that resolving it would not require this Court to familiarize itself with subjects already within the Bankruptcy Court's expertise. R. 1 at 14–64.

**The Parties' Resources:** Partially withdrawing the reference would also conserve the parties' resources. A two-level proceeding would require multiple briefs and hearings, spawning heftier bills for clients. As the petitioner points out, her finite resources are no match for the potential legal fees in this matter. R. 3 at 4. The respondents do not directly respond to this contention, and the petitioner argues that the respondents face less straitened financial circumstances. *Id.* Accordingly, this factor too supports withdrawing the reference.

**Other Factors:** The remaining factors either favor the petitioner or have no bearing on the outcome of the Court's analysis. First, the Court previously found that the petitioner had shown cause to withdraw the reference as to the entire proceeding because of her entitlement to a jury trial. *Sergent*, 472 B.R. at 404–05. Second, consolidating the resolution of the spoliation motion in one court can only expedite the bankruptcy process. Third, the respondents have identified no reason why withdrawing the reference would promote forum shopping. And fourth, given that spoliation sanctions bear no special relationship to

4

bankruptcy proceedings, deciding the spoliation motion in district court will not undermine the uniformity of bankruptcy administration.

## CONCLUSION

Accordingly, it is **ORDERED** that the Trustee's motion to withdraw the reference as to the motion for sanctions due to spoliation of evidence, R. 1, is **GRANTED**. The petitioner shall **FILE** her spoliation motion by **Thursday, February 13, 2014**. The respondents shall **RESPOND** to the petitioner's motion by **Thursday, March 6, 2014**. The petitioner shall **REPLY** to the respondents' response by **Thursday, March 20, 2014**.

This the 11th day of February, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge